LITCHFIELD CONSTRUCTION COMPANY and BOOTH & FLYNN, LTD., Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

First Department, February 11, 1927.

Costs — extra allowance — Appellate Division reversed judgment in part and as to extra allowance — Court of Appeals modified judgment of Appellate Division so that principal item was reinstated — Court of Appeals stated that extra allowance was matter of discretion for lower courts — Court of Appeals refused to amend remittitur to send back question of extra allowance — Appellate Division has no power now to grant extra allowance.

On appeal in this action the Appellate Division reversed the judgment as to certain items constituting the major part thereof and with respect to an additional allowance granted plaintiffs by the trial court. Upon appeal to the Court of Appeals that court reinstated the major item rejected by the Appellate Division but said as to the extra allowance that that was a matter resting in the discretion of the courts below. Prior to entry of judgment on the remittitur of the Court of Appeals, a motion was made in the Appellate Division for an order modifying its prior judgment so as to affirm the extra allowance granted by the trial court. This was denied with leave to plaintiffs to move in the Court of Appeals to amend the remittitur, but the Court of Appeals refused to grant the motion.

The plaintiffs having made their application to the Court of Appeals and that application having been denied, the matter is closed so far as the Appellate Division is concerned, and this motion to amend the Appellate Division judgment so as to affirm the extra allowance is denied.

MOTION by the plaintiffs, Litchfield Construction Company and another, for an order modifying an order of this court entered herein on the 10th day of May, 1926, and the judgment thereupon entered on May 13, 1926, by affirming the $2,000 extra allowance granted the plaintiffs by the trial court in this action.

*Edward M. Grout,* for the motion.

*Willard S. Allen,* opposed.

PER CURIAM. On appeal by the defendant from the judgment of the Supreme Court, New York county, herein, this court affirmed said judgment with respect to certain items aggregating $105,305.53, reversed it as to certain items amounting to $870,109.70, and reduced the item of interest on the verdict from $3,206.84 to $346.20. In view of this outcome, we further reversed the judgment with respect to the $2,000 additional allowance granted the plaintiffs by the trial court (216 App. Div. 517.) Upon plaintiffs' appeal from so much of the judgment of this court as reversed the judgment of the trial court, the Court of Appeals rendered an opinion holding that plaintiffs were entitled to recover an item of $16,813.65, and

one of $813,000 less $11,000 for interest, and affirmed said judgment in certain other respects. As to the $2,000 extra allowance, it stated: " Grant of extra allowance rests within the discretion of the courts below. We may not interfere with such discretion." (244 N. Y. 251.)

The remittitur of the Court of Appeals was issued under its seal, directing entry of judgment in accordance with its opinion. Judgment was not, however, entered thereupon, but plaintiffs, believing from the statement of that court with respect to the additional allowance that there was no longer any reason for disallowing it, moved in this court for the relief now sought.

Having in mind the requirement that upon remittitur from the Court of Appeals judgment must be entered in strict accordance therewith, we were unable to make the assumption that by the direction for entry of judgment in accordance with its opinion, the Court of Appeals intended by the language above quoted from its opinion that plaintiffs were thereby granted permission to apply to this court for the exercise of its discretion with respect to the granting of the additional allowance. It seemed to us more probable that by the omission of words definitely granting such permission, the language used indicated that there was no such intention. We, therefore, denied the motion, but with leave to plaintiffs to move in the Court of Appeals to amend the remittitur so as to send back the question of the extra allowance for reconsideration by this court of its discretion with respect thereto.

Plaintiffs having made their application to the Court of Appeals, and that application having been denied, the matter is, therefore, closed so far as this court is concerned, and this motion should be denied.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Motion denied.